## Investment of Trust Funds by Trust Companies.

SAYLOR, Dep. Att'y-Gen., May 6, 1930.—We have your request for an opinion as to whether a trust company may invest trust funds in its possession in:

(a) A first mortgage on real estate in this Commonwealth securing a collateral form note, and

(b) Participation certificates issued against first mortgages on such real estate securing collateral notes.

Section 41 (a) 1 of the Act of Assembly approved June 7, 1917, P. L. 447, as amended from time to time, and finally amended by the Act of April 26, 1929, P. L. 817, provides as follows:

"When a fiduciary shall have in his hands any moneys, the principal or capital whereof is to remain for a time in his possession or under his control, and the interest, profits, or income whereof are to be paid away or to accumulate, or when the income of real estate shall be more than sufficient for the purpose of the trust, such fiduciary may invest such moneys . . . in first mortgages on real estate in this Commonwealth, securing bonds or other obligations not exceeding in amount two-thirds of the fair value of such real estate; . . . or in trust certificates, issued by a trust company organized under the laws of this Commonwealth, certifying that the holders thereof are respectively the owners of undivided interests in deposits, with such trust company, of securities in which trust funds may be invested under the preceding provisions of this clause. . . ."

It appears that the act, as amended, authorizes fiduciaries to invest funds in their possession in "first mortgages on real estate in this Commonwealth, securing bonds or other obligations not exceeding in amount two-thirds of the fair value of such real estate." Clearly, a collateral form note, that is to say, a promissory or judgment note, secured by collateral, therein referred to, comes within the category of "other obligations."

The act, as amended, also provides that such funds may be invested "in trust certificates, issued by a trust company organized under the laws of this Commonwealth, certifying that the holders thereof are respectively the owners of undivided interests in deposits, with such trust company, of securities in which trust funds may be invested under the preceding provisions of this clause." Such deposits of securities may include a collateral form note or notes secured by first mortgages of the character referred to in the section, which mortgages are made a part of the deposit along with the note or notes they secure.

The opinions of this Department of May 10, 1926 (Trust Companies' Investments of Trust Funds, 8 D. & C. 202); Dec. 10, 1926; Feb. 8, 1927; April 26, 1927 (Trust Companies' Investments, 9 D. & C. 335), and Aug. 10, 1927, given in response to your requests for advice on somewhat similar phases of the same question, are referred to in connection with your present inquiry.

You are, therefore, advised that it is legal for a trust company to invest trust funds in a first mortgage of an individual or individuals on real estate in this Commonwealth securing a collateral form note given by an individual or individuals, and in participation certificates issued by a trust company organized under the laws of this Commonwealth against deposits with it of such mortgages securing such notes.

From C. P. Addams, Harrisburg, Pa.